**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINE CORTEZ-ORTIZ, et al., | CIVIL ACTION NO. 16-2319 (JLL) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| CITY OF JERSEY CITY, et al., | |
| Defendants. | |

**LINARES, District Judge**

The plaintiffs in this action are employees of the defendant City of Jersey City, who allege that they have been improperly classified under the New Jersey Civil Service Law (hereinafter, "NJCSL") as temporary seasonal employees for at least nine years. The plaintiffs allege in the amended complaint that, as a result of that classification, they have been improperly deprived of the proper salaries, pension benefits, and medical benefits provided to full-time salaried employees. (See dkt. 7.)[1]

Currently pending is a motion filed by the defendants — City of Jersey City; Steven Fulop in his official capacity as the mayor of the City of Jersey City; and Robert Kakoleski in his official capacity as the business administrator of the City of Jersey City (collectively hereinafter, "Municipal Defendants"). The Municipal Defendants move: (1) to dismiss the claim asserted under the Federal Fair Labor Standards Act (hereinafter,

---

[1] The parties have not advised the Court about the kinds of jobs that the plaintiffs hold in their employment with the City of Jersey City.

"FLSA"), and the claim asserted under the Federal Racketeer Influenced and Corrupt Organizations Act (hereinafter, "RICO") pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6); and (2) for the Court to decline supplemental jurisdiction over the remaining claims brought pursuant to state law. (See dkt. 11; dkt. 11-1; dkt. 11-2; dkt. 18.)[2] The motion is opposed by the plaintiffs. (See dkt. 15.)

The Court presumes that the parties are familiar with the factual context and the procedural history of the action. The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court will grant the motion.

## ARGUMENTS & ANALYSIS

### I.   Rule 12(b)(6)

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6). See Green v. Coleman, 575 Fed.Appx. 44, 46 (3d Cir. 2014) (setting forth standard; citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Am. Corporate Soc'y v. Valley Forge Ins. Co., 424 Fed.Appx. 86, 88–89 (3d Cir. 2011) (setting forth standard; citing Iqbal and Twombly); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth standard; citing Iqbal and Twombly). The Court has abided by that standard in resolving the motion.

---

[2] This Court will refer to the documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

## II.     RICO Claim

There is now "a nearly overwhelming weight of authority" that holds that civil RICO claims cannot be maintained against municipalities and municipal officers. The Choice Is Yours, Inc. v. The Choice Is Yours, No. 14-1804, 2015 WL 5584302, at *10 (E.D. Pa. Sept. 22, 2015); see Tengood v. City of Philadelphia, 529 Fed.Appx. 204, 209 (3d Cir. 2013); Heinemeyer v. Twp. of Scotch Plains, 198 Fed.Appx. 254, 256 (3d Cir. 2006); Kadonsky v. New Jersey, 188 Fed.Appx. 81, 84–85 (3d Cir. 2006); Genty v. Resolution Trust Corp., 937 F.2d 899, 914 (3d Cir. 1991); Manuel v. City of Philadelphia, No. 10-2690, 2010 WL 3566767, at *8 (E.D. Pa. Sept. 14, 2010). The plaintiffs' RICO claim against the Municipal Defendants is barred. Therefore, the Court will grant the part of the motion seeking dismissal of the RICO claim.

Even if the plaintiffs had named Fulop and Kakoleski in their individual capacities — which the plaintiffs did not do — the plaintiffs' RICO claim asserted against them would be barred nonetheless. First, the plaintiffs fail to assert any plausible details concerning the dates, times, or locations of any of the alleged predicate acts of mail fraud, wire fraud, and embezzlement engaged in by those individual defendants. Instead, the plaintiffs offer nothing but pure speculation at best. (See, e.g., dkt. 7 at 12 (alleging without further detail that "[m]any of the above criminal acts violate 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 664 (theft or embezzlement from employee benefit plan)").) See Druz v. Boro of Manasquan, No. 05-4088, 2006 WL 1098029, at *4–5 (D.N.J. Apr. 3, 2006). Second, the claims against the individual

defendants would be barred by the applicable four-year statute of limitations, because the plaintiffs knew or should have known about the conduct of those defendants for more than four years, i.e., at least 9 years. See Bullock v. Klein, 341 Fed.Appx. 812, 816 (3d Cir. 2009) (concerning RICO claims that were asserted against municipal entities and officers); Kadonsky, 188 Fed.Appx. at 85–86 (concerning same). Third, the plaintiffs fail to allege how Fulop and Kakoleski conducted themselves as an enterprise that existed independently of their efforts to govern the City of Jersey City, or how the alleged criminal enterprise affected interstate commerce. See Washington v. Twp. of Hillside City Council, No. 06-3102, 2008 WL 2683360, at *15 (D.N.J. July 2, 2008); see also Indus. Design Serv. Co. v. Upper Gwynedd Twp., No. 91-7621, 1993 WL 19756, at *7 (E.D. Pa. Jan. 27, 1993) (stating that the allegations concerning a so-called criminal enterprise consisting of the manager and the code enforcement officer for a township "can hardly infer any link between this enterprise and interstate or foreign commerce").

### III.   FLSA Claim

The FLSA claim also cannot be maintained because the plaintiffs merely allege that the Municipal Defendants have failed to designate them as salaried employees. The plaintiffs do not allege that they have been paid less than the statutory minimum wages or the statutory overtime wages for the hours that they have actually worked under their current employment designations. See Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242–43 (3d Cir. 2014) (stating that a FLSA claim must allege that a plaintiff worked 40 hours in a given week, as well as worked some uncompensated time in excess of the 40

hours); Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (stating same); Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013) (stating the FLSA does not contemplate a claim for wages other than minimum wages or overtime wages); see also 29 U.S.C. § 207(a)(1) (requiring that an employee who works in excess of forty hours must be compensated for time and a half for the excess hours). The Court also notes that the claim appears to run afoul of the statute of limitations for FLSA claims, because the plaintiffs' claim accrued at least nine years ago. See 29 U.S.C. § 255(a) (setting forth a two-year limitations period for claims in general, and a three-year limitations period for willful violations). Therefore, the Court will grant the part of the motion seeking dismissal of the FLSA claim asserted against the Municipal Defendants.

### IV. State Law Claims

The Court will utilize the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims, and will grant leave to the plaintiffs to recommence the state law claims in state court. See 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if that court has disposed of all claims over which there was original jurisdiction); Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc., 557 Fed.Appx. 141, 145 n.2 (3d Cir. 2014) (affirming a district court order that dismissed a RICO claim with prejudice and declined to exercise supplemental jurisdiction over the related state law claims). Therefore, the part of the motion requesting that the Court decline supplemental jurisdiction over the remaining state law claims will be granted.

## CONCLUSION

For the foregoing reasons, the Court will: (1) grant the motion; (2) dismiss the FLSA claim and the RICO claim with prejudice; and (3) dismiss the remaining state law claims without prejudice, and grant leave to the plaintiffs to recommence the state law claims in state court. The Court will enter an appropriate order and judgment.[3]

JOSE L. LINARES
United States District Judge

Dated: October 5th, 2016

---

[3] Although raised by the defendants for the first time in their reply brief, the Court is concerned that the plaintiffs had the opportunity under the NJCSL to take advantage of certain administrative remedies before the New Jersey Civil Service Commission or a similar state entity prior to bringing all of these claims in federal court. (See dkt. 18 at 7.) See, e.g., N.J. Admin. Code Title 4A, Chapter 3 (concerning civil service classifications, services, and compensation). The Court is also concerned that the plaintiffs had access to a grievance procedure under the collective bargaining agreement between the City of Jersey City and the union representing its employees before bringing these claims. As a result, the amended complaint may have been subject to dismissal pursuant to the Younger abstention doctrine.